IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| ANTHONY KEITH FREENEY, § <br> #31366-177, § <br>     Movant, § <br> § <br> v. § <br> § <br> UNITED STATES of AMERICA, § <br> § <br>     Respondent. § | No. 3:22-cv-00484-L (BT) <br> No. 3:17-cr-00664-L-1 |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Movant Anthony Keith Freeney, a federal prisoner, filed a *pro se* motion to vacate, set-aside, or correct his sentence under 28 U.S.C. § 2255. The District Court referred the resulting civil action to the United States magistrate judge pursuant to 28 U.S.C. § 636(b) and a standing order of reference. For the following reasons, the Court should deny Freeney's § 2255 motion.

I.

A jury found Freeney guilty of (1) possession of a firearm in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2); (2) possession with intent to distribute a controlled substance in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(C); and (3) possession of a firearm in furtherance of a drug trafficking crime in violation of 18 U.S.C. § 924(c)(1)(A)(i). The District Court sentenced him to a total term of 132 months' imprisonment—an above-guidelines

1

sentence based on his extensive criminal history. The Fifth Circuit Court of Appeals affirmed this Court's judgment, *United States v. Freeney*, 815 F. App'x 802 (5th Cir. 2020) (per curiam), and the Supreme Court denied Freeney's petition for writ of certiorari. *See Freeney v. United States*, 141 S. Ct. 1443 (2021).

Thereafter, Freeney filed his § 2255 motion (CV ECF No. 2), in which he argues:

- (1) his trial counsel was ineffective when they failed to

    a. file a motion to dismiss after the jury came back with an undecided verdict and concerning the process to select the "grand jury and jury members," Mot. 4 (CV ECF No. 2);

    b. file a motion to dismiss based on fingerprint analysis done by the "ATF", *id.*;

    c. present requested witnesses that would have supported his claim that he was innocent;

    d. object to prejudicial arguments made by the Government at trial; and

    e. object to the "sentence process enhancements" and the Government's arguments during the "sentence process." *Id.*

- (2) his appellate counsel provided ineffective assistance of counsel on direct appeal;

- (3) the indictment was "[d]efective," Mot. 7 (CV ECF No. 2); and

- (4) he was actually innocent of the § 924(c) charge.

The Government responds and asks the Court to deny Freeney's § 2255 motion because: (1) his actual innocence claim is not cognizable under § 2255; (2) his collateral attack on the indictment is procedurally barred and meritless; and (3) his ineffective assistance of counsel claims are conclusory and lack merit. Freeney filed a reply, and his claims are fully-briefed and ripe for determination.

II.

A. Freeney's actual innocence claim is not cognizable under § 2255.

Freeney argues he is actually innocent of the § 924(c) charge, and a "miscarriage of justice took place" because "no such crime [was] committed." Mot. 8 (CV ECF No. 2). He contends that when law enforcement found the guns and drugs in his mother's home, the evidence showed he had "departed the home" and was later stopped by a marked police car four blocks away. *Id.* Freeney further contends he was "detained and returned to the home" after "SWAT" "had cleared it." *Id.* He concludes the "[e]vidence shows" he "was not in close proximity" to the guns and drugs at the time of his arrest. *Id.*

The Supreme Court and courts within the Fifth Circuit "do[ ] not recognize freestanding actual innocence claims." *United States v. Shepherd,* 880 F.3d 734, 740 (5th Cir. 2018) (quoting *United States v. Fields,* 761 F.3d 443, 479 (5th Cir. 2014)); *see also In re Swearingen,* 556 F.3d 344, 348 (5th Cir. 2009) (holding the Fifth Circuit Court does not recognize a freestanding

3

claim of actual innocence on federal habeas review); *Burton v. Stephens*, 543 F. App'x 451, 458 (5th Cir. 2013) ("The Supreme Court has not recognized actual innocence as an independent ground for federal habeas corpus relief."). That is, actual innocence is not a cognizable federal habeas claim. *United States v. Scruggs*, 691 F.3d 660, 671 n.36 (5th Cir. 2012) (citing *Foster v. Quarterman*, 466 F.3d 359, 367 (5th Cir. 2006)); *see also Matheson v. United States*, 440 F. App'x 420, 421 (5th Cir. 2011) (per curiam) ("[W]e have consistently held federal habeas law does not recognize a freestanding actual innocence claim.") (citing *Foster*, 466 F.3d at 367-68). Thus, Freeney's claim that he is actually innocent of the § 924(c) charge is not within the power of the court to adjudicate in the context of this habeas proceeding.

Moreover, even if his actual innocence claim were cognizable in this § 2255 action, it would be barred by the law-of-the-case-doctrine. A claim "raised and rejected on direct appeal" cannot be raised in a § 2255 motion on collateral review. *See United States v. Webster*, 392 F.3d 787, 791 (5th Cir. 2004); *see also United States v. Kalish*, 780 F.2d 506, 508 (5th Cir. 1986) ("It is settled in this Circuit that issues raised and disposed of in a previous appeal from an original judgment of conviction are not considered in § 2255 motions."); *United States v. Goudeau*, 512 F. App'x 390, 393 (5th Cir. 2013) (per curiam) (affirming denial of § 2255 motion under law-of-the-case doctrine after the appellate court dismissed defendant's direct appeal

4

as barred by an appeal waiver). The law-of-the-case doctrine generally precludes reexamination of issues of law or fact decided on appeal. *USPPS, Ltd. v. Dennison Corp.*, 647 F.3d 274, 282 (5th Cir. 2011). Freeney challenged the sufficiency of the evidence supporting his § 924(c) conviction on direct appeal, *Freeney*, 815 F. App'x at 803, and the Fifth Circuit rejected it. He cannot litigate the issue again now.

The Government also argues that, to the extent this claim is a different theory of factual innocence than the one he raised on direct appeal, it has now been procedurally defaulted. Resp. 9 (CV ECF No. 9). Because this claim fails on the merits and is barred by the law-of-the-case-doctrine, the Court should pretermit consideration of this additional argument.

This claim fails because it is not cognizable and is barred by the law-of-the case-doctrine. The Court should dismiss it.

B.  <u>Freeney's attacks on the indictment are procedurally barred</u>.

Next, Freeney argues his "right to indictment" was violated because he had a "defective indictment." Mot. 7 (CV ECF No. 2). Specifically, he contends the indictment failed "to state the offenses on count[s] 2, 3 and 4" and "failed to state required information on page 1 of the second superseding indictment," such as "the offenses name, the offenses codes and numbers, etc." *Id.*

This claim fails because it was procedurally defaulted when Freeney failed to raise it during his criminal proceedings through a motion to dismiss

5

or on direct appeal. *See United States v. Cervantes*, 132 F.3d 1106, 1109 (5th Cir. 1998) ("Following a conviction and exhaustion or waiver of the right to direct appeal, we presume a defendant stands fairly and finally convicted.") (citing *United States v. Shaid*, 937 F.2d 228, 231-32 (5th Cir. 1991) (en banc)). When a movant fails to raise a claim on direct appeal, the claim is procedurally defaulted and can only be considered under § 2255 if the movant can show cause for his failure to raise the claim on direct appeal and actual prejudice, or that he is actually innocent. *United States v. Placente*, 81 F.3d 555, 558 (5th Cir. 1996); *see also Shaid*, 937 F.2d at 231-32 ("The Supreme Court has emphasized repeatedly that a collateral challenge may not do service for an appeal.") (internal quotation marks omitted). A movant bears the burden of demonstrating either cause and actual prejudice, or that he is actually innocent. *See Bousley v. United States*, 523 U.S. 614, 622 (1998) (citing *Murray v. Carrier*, 477 U.S. 478, 485 (1986)). Freeney did not raise this challenge to his indictment on direct appeal. *See Freeney*, 815 F. App'x at 802. Nor has he shown cause and prejudice or actual innocence. *See United States v. Vargas-Soto*, 35 F.4th 979, 993 (5th Cir. 2022) (addressing the prerequisites to overcoming a procedural default) (citing *Gonzales v. Davis*, 924 F.3d 236, 242 (5th Cir. 2019) (per curiam)).

      The Government also argues Freeney's claim attacking his indictment is meritless. Resp. 10 (CV ECF No. 9). Because Freeney's claim is

6

procedurally defaulted, the Court should pretermit consideration of this additional argument.

### C. Freeney's claims that his trial attorney provided ineffective assistance of counsel are conclusory and meritless.

Freeney argues his trial attorney provided ineffective assistance of counsel throughout the proceedings—that is during the pretrial phase, at trial, and during the "sentence process." Mot. 4 (CV ECF No. 2); *see also* Reply 1-7 (CV ECF No. 10). Specifically, Freeney contends his trial attorney should have: (1) filed a motion to dismiss after the jury came back with an undecided verdict and concerning the process to select the "grand jury and jury members," (2) filed a motion to dismiss based on fingerprint analysis done by the ATF, (3) presented requested witnesses that could support his claim he is innocent, (4) objected to prejudicial arguments made by the Government at trial, and (5) objected to the sentence enhancements and the Government's arguments during the "sentence process." Mot. 4 (CV ECF No. 2).

To prevail on a claim of ineffective assistance of counsel, a movant must show that: (1) his counsel's performance was deficient; and (2) the deficient performance prejudiced his defense so gravely as to deprive him of a fair trial. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). In *Strickland*, the Court stated that "[j]udicial scrutiny of counsel's performance must be highly deferential" and "every effort [must] be made

7

to eliminate the distorting effects of hindsight." 466 U.S. at 689. Courts, therefore, must "indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Id.*

Freeney's ineffective assistance of trial counsel claims fail because they are conclusory. *See United States v. Pineda*, 988 F.2d 22, 23 (5th Cir. 1993) ("[M]ere conclusory allegations on critical issues are insufficient to raise a constitutional issue."); *see also Lookingbill v. Cockrell,* 293 F.3d 256, 263 (5th Cir. 2002) (noting where a habeas petitioner fails to brief an argument adequately, it is considered waived). Indeed, his claims lack the necessary detail this Court needs to properly address them. Freeney's ineffective assistance of counsel claims are so conclusory that they are legally insufficient and should be summarily dismissed. *See Green v. Johnson*, 160 F.3d 1029, 1043 (5th Cir. 1998) ("Mere conclusory allegations in support of a claim of ineffective assistance of counsel are insufficient to raise a constitutional issue.") (citing *Kinnamon v. Scott*, 40 F.3d 731, 735 (5th Cir. 1994)); *see also Anderson v. Collins*, 18 F.3d 1208, 1221 (5th Cir. 1994).

Freeney contends that his attorney failed to file various motions, such as a motion to suppress and that, if his attorney had filed the contemplated motions, it "could have changed the outcome of the proceedings." Mot. 4 (CV ECF No. 2). But under *Strickland*, a court's review of counsel's performance should be "highly deferential." 466 U.S. at 698. This is so because "[i]t is all too tempting for a defendant to second-guess counsel's assistance after

8

conviction or adverse sentence[.]" *Id.* at 689. And "[g]iven the almost infinite variety of possible trial techniques and tactics available to counsel, this Circuit is careful not to second guess legitimate strategic choices." *Yohey v. Collins*, 985 F.2d 222, 228 (5th Cir. 1993); *see also United States v. Scott*, 11 F.4th 364, 373 (5th Cir. 2021) (recognizing there are "countless ways to provide effective assistance in any given case") (quoting *Strickland*, 466 U.S. at 689). Freeney's allegations here are too conclusory to overcome the deference afforded to trial counsel's conduct. *See Strickland,* 466 U.S. at 690 ("[C]ounsel is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment."); *see also United States v. Rivas-Lopez,* 678 F.3d 353, 357 (5th Cir. 2012) ("For the deficiency prong [of *Strickland*], counsel's performance is to be accorded 'a heavy measure of deference.'") (quoting *Cullen v. Pinholster*, 563 U.S. 170, 197 (2011)). For these reasons, Freeney has failed to show deficient performance under *Strickland*.

Freeney has also failed to demonstrate prejudice. Under the prejudice prong, Freeney summarily alleges if his attorney had filed certain motions, it "could have changed the outcome of the proceedings." Mot. 4 (CV ECF No. 2). Under *Strickland*, a movant "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Strickland,*

9

466 U.S. at 694. The movant must "affirmatively prove," not just allege, prejudice. *Id.* at 693. And if a movant fails to prove prejudice, the court need not address the question of counsel's performance. *Id.* at 697; *see also Amos v. Scott,* 61 F.3d 333, 348 (5th Cir. 1995) ("[A] court need not address both prongs of the conjunctive *Strickland* standard, but may dispose of such a claim based solely on a petitioner's failure to meet either prong of the test."); *see also Okechuku v. United States,* 2021 WL 2690091, at *9 (N.D. Tex. June 14, 2021), *rec. adopted* 2021 WL 2685283 (N.D. Tex. June 30, 2021). Merely presenting "conclusory allegations" of deficient performance or prejudice is insufficient to meet the *Strickland* test. *Miller v. Johnson,* 200 F.3d 274, 282 (5th Cir. 2000). Thus, Freeney's ineffective assistance of counsel claims also fail under the prejudice prong of the *Strickland* standard.

Freeney further asserts that his trial attorney should have presented "requested witnesses." Mot. 4 (CV ECF No. 2). However, "[c]omplaints of uncalled witnesses are not favored in federal habeas corpus review because allegations of what a witness would have testified are largely speculative." *Lockhart v. McCotter*, 782 F.2d 1275, 1282 (5th Cir. 1986) (citing *Murray v. Maggio,* 736 F.2d 279, 282 (5th Cir. 1984)); *see also Day v. Quarterman,* 566 F.3d 527, 538 (5th Cir. 2009); *United States v. Cockrell,* 720 F.2d 1423, 1427 (5th Cir. 1983) (citing *Buckelew v. United States,* 575 F.2d 515, 521 (5th Cir. 1978)). To show ineffective assistance of counsel in the context of an uncalled witness, a movant must: (1) name the witness he would have called;

10

(2) show the uncalled witness would have been available to testify; (3) show the uncalled witness would have testified; and (4) show there is a reasonable probability the uncalled witness would have provided testimony that would have made a difference in the outcome of the trial. *Bray v. Quarterman*, 265 F. App'x 296, 298 (5th Cir. 2008) (per curiam) (citing *Alexander v. McCotter*, 775 F.2d 595, 602 (5th Cir. 1985)); *see also Gomez v. McKaskle*, 734 F.2d 1107, 1109-10 (5th Cir. 1984) (the petitioner failed to meet his burden of showing that uncalled witnesses would have testified favorably to his case). When "the only evidence of a missing witnesses' [sic] testimony is from the [movant], this Court views the claims of ineffective assistance with great caution." *Sayre v. Anderson*, 238 F.3d 631, 636 (5th Cir. 2001) (quoting *Lockhart*, 782 F.2d at 1282). Generally, when a movant fails to present at least some evidence from an uncalled witness regarding the witness's potential testimony and willingness to testify, it is fatal to an ineffective assistance of counsel claim. *Harrison v. Quarterman*, 496 F.3d 419, 428 (5th Cir. 2007); *see also Sayre*, 238 F.3d at 636. Here, Freeney's claim fails because he has not (1) named any witnesses that should have been called; (2) identified the subject matter of the testimony that would have been provided; and (3) shown that the testimony was admissible and would have impacted the outcome of the trial. *See Bray*, 265 F. App'x at 298.

Freeney also alleges his attorney's performance was deficient in that counsel failed to object to the Government's "prejudicial" arguments at trial

11

and during sentencing. Mot. 4 (CV ECF No. 2). This claim is so conclusory that it is legally deficient and fails as a matter of law. *See Strickland*, 466 U.S. at 687 (under the two-pronged test, a movant must show: (a) his attorney's performance was deficient; and (b) the deficient performance prejudiced his defense so gravely as to deprive him of a fair trial); *see also Thomas v. Davis*, 968 F.3d 353, 355 (5th Cir. 2020) (to prevail on an ineffective assistance of counsel claim, a habeas petitioner must prevail on the two-part *Strickland* test). Freeney fails to identify specifically the objectionable arguments and state why objections were necessary or how the objections would have impacted the outcome of his trial or sentencing hearing. He also fails to include any details about the "sentence process enhancements" to which his attorney allegedly should have objected. Mot. 4 (CV ECF No. 2). And Freeney fails to recognize his attorney filed objections to the Presentence Report (PSR), including objections to the recommended sentence enhancements. (CR ECF No. 79) (including objections to the application of U.S.S.G. §§ 2k2.1, 2k2.1(a)(6), and 2k2.1(b)(1)(A)).

      For these reasons, Freeney's ineffective assistance of counsel claims are conclusory and fail on the merits. The Court should summarily dismiss or deny them.

    D.  <u>Freeney has failed to show his appellate attorney provided ineffective assistance of counsel on appeal</u>.

Last, Freeney argues his appellate attorney provided ineffective assistance of counsel "during direct appeal." Mot. 5 (CV ECF No. 2). He contends his appellate attorney failed to raise issues that "could have changed the outcome of the appeal." *Id.* Freeney specifically contends his appellate attorney should have raised the following issues: (1) "[t]he instructions given to the jury members,"[1] *id.* at 4; (2) the admission of jail phone calls at trial that violated his rights under the Confrontation Clause; (3) the introduction of prejudicial evidence of "non-charged crimes of alleged assault on a police officer," *id.* at 5; and (4) the confidential informant information that violated his character and denied him a "fair trial." *id.*

A defendant is entitled to effective assistance of counsel on direct appeal. *See Evitts v. Lucey*, 469 U.S. 387, 394 (1985); *see also McMann v. Richardson*, 397 U.S. 759, 771 n.14 (1970) ("It has long been recognized that the right to counsel is the right to the effective assistance of counsel."). The proper standard for evaluating a claim that appellate counsel was ineffective

---

[1] Freeney refers to an issue "stated [in] ground one," but it is not entirely clear what issue he is referring to because "ground one" has several sub-issues. Mot. 5 (CV ECF No. 2). Most of the issues set forth in the first claim are issues of ineffective assistance of counsel, and the Court concludes he is referring to the argument about jury instructions. *See United States v. Haley*, 348 F. App'x 996, 997 (5th Cir. 2009) (per curiam) (ineffective assistance of counsel claims generally cannot be raised on direct appeal when they have not been raised before the district court) (citing *United States v. Cantwell*, 470 F.3d 1087, 1091 (5th Cir. 2006)).

is the two-prong standard set forth in *Strickland v. Washington. Smith v. Robbins*, 528 U.S. 259, 285 (2000); *Green v. Johnson*, 160 F.3d 1029, 1043 (5th Cir. 1998); *see also Blanton v. Quarterman*, 543 F.3d 230, 240 (5th Cir. 2008) ("In reviewing a claim alleging ineffective assistance of appellate counsel we apply the traditional *Strickland* standard[.]"). An appellate attorney need not advance every frivolous argument urged by the movant. *See Williams v. Collins,* 16 F.3d 626, 635 (5th Cir. 1994) (a federal habeas petitioner's claim of ineffective assistance by appellate counsel failed to satisfy the prejudice prong of *Strickland* where the omitted grounds for relief on appeal were meritless).

Under the prejudice prong of *Strickland*, appellate counsel, like trial counsel, is "presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment." *Dorsey v. Stephens*, 720 F.3d 309, 320 (5th Cir. 2013) (internal quotation marks omitted). When an ineffective assistance of appellate counsel claim is based on the failure to raise an issue on direct appeal, the prejudice prong under *Strickland* requires the movant to demonstrate the appellate court would have granted relief if the issue had been raised. *United States v. Phillips*, 210 F.3d 345, 348 (5th Cir. 2000).

Freeney's ineffective assistance of appellate counsel claims fail under both prongs of the *Strickland* test. He fails to show deficient performance because he has not attempted to demonstrate that the issues he believes his

14

appellate attorney should have raised were stronger than the issues actually raised. *See Day v. Quarterman*, 566 F.3d 527, 540 (5th Cir. 2009) (a mere allegation of inadequate performance is conclusory and does not allow the court to examine whether counsel's performance was deficient) (citing *United States v. Irby*, 103 F.3d 126 (5th Cir.1996) (unpublished); *Lincecum v. Collins*, 958 F.2d 1271, 1279 (5th Cir.1992)). For example, Freeney alleges the evidence he assaulted a police officer and from a "C.I." was "prejudicial" and resulted in him being "denied [ ] a fair trial." Mot. 5 (CV ECF No. 2). However, he has not explained how this evidence was legally inadmissible at trial and should have been excluded. *Id.* Freeney also fails to show prejudice because he cannot show the Fifth Circuit would have granted him relief if these issues had been raised. *See Phillips*, 210 F.3d at 348.

Freeney alleges the admission of his jail telephone calls at trial violated the Confrontation Clause. Mot. 5 (CV ECF No. 2). This issue was raised on appeal in the Fifth Circuit. *See Freeney*, 815 F. App'x at 803 ("Freeney also asserts that the admission into evidence [of the jail telephone audiotapes] violated the Confrontation Clause, the audiotapes were substantially more prejudicial than probative under Federal Rule of Evidence 403, and they constituted hearsay under Federal Rule of Evidence 802.") *Id.* However, the Fifth Circuit "decline[d]" to address this issue because it was raised for the first time in Freeney's reply brief. *Id.* (citing *United States v. Anderson*, 5 F.3d 795, 801 (5th Cir. 1993)).

15

Freeney's Confrontation Clause argument lacks merit and was fully and fairly addressed by the Court prior to trial. *See* (CR ECF No. 48 at 2-3; CR ECF No. 54; CR ECF No. 98 at 10-17 (pretrial conference).). At a pretrial conference on May 21, 2019, the Court concluded that admitting the recordings of Freeney's telephone calls from jail was not a violation of the Confrontation Clause. (CR ECF No. 93 at 11-18); *see also United States v. Octave*, 575 F. App'x 533, 538 (5th Cir. 2014) (per curiam) ("[S]tatements of an informant in a recorded conversation with the defendants may be admitted for the limited purpose of providing context.") (citing *United States v. Rios*, 298 F. App'x. 312, 313–14 (5th Cir. 2008)). Freeney has failed to explain why the admission of the jail phone calls at his trial was erroneous, and he therefore cannot show his appellate attorney provided deficient performance under *Strickland*. Likewise, he has failed to demonstrate prejudice. These ineffective assistance of appellate counsel claims fail under *Strickland*, and the Court should deny them.

### III.

The District Court should deny Freeney's § 2255 motion.

Signed May 4, 2023.

_____
REBECCA RUTHERFORD
UNITED STATES MAGISTRATE JUDGE

INSTRUCTIONS FOR SERVICE AND
NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996)