IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **ANTHONY KEITH FREENEY**, #31366-177, Movant, | § § § § | |
| v. | § § | Civil Action No. **3:22-CV-0484-L-BT** (Criminal Case No. 3:17-CR-664-L-1) |
| **UNITED STATES OF AMERICA**, Respondent. | § § § § | |

**ORDER**

On May 4, 2023, United States Magistrate Judge Rebecca Rutherford entered the Findings, Conclusions, and Recommendation of the United States Magistrate Judge ("Report") (Doc. 14), recommending that the court deny pro se Movant Anthony Keith Freeney's ("Movant") motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255 ("Motion") (Doc. 2). The Report recommended dismissal because: (1) his claim of factual innocence is not cognizable as a freestanding claim brought under Section 2255 and thus not within the power of the court to adjudicate; (2) his argument that the Indictment was defective is procedurally barred because he failed to raise it during his criminal proceedings in a motion to dismiss or on direct appeal; and (3) his claims for ineffective assistance of counsel are too conclusory to overcome the deference afforded to his counsel's conduct and because he failed to demonstrate prejudice. Doc. 14 at 3-8. Movant did not file objections to the Report, and the time to do has passed.

Having reviewed the pleadings, file, record in this case, and Report, the court determines that the findings and conclusions of the magistrate judge are correct, and **accepts** them as those of the court. Movant has not shown an entitlement to relief because the court cannot adjudicate his claim of factual innocence in this proceeding, he is procedurally barred from attacking the

Indictment, and he failed to set forth sufficient factual allegations to support his claims of ineffective assistance of counsel. Accordingly, the court **denies** Movant's motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255 (Doc. 2), and it **dismisses with prejudice** this action.

Considering the record in this case and pursuant to Federal Rule of Appellate Procedure 22(b), Rule 11(a) of the Rules Governing §§ 2254 and 2255 proceedings, and 28 U.S.C. § 2253(c), the court **denies** a certificate of appealability.[*] The court determines that Movant has failed to show: (1) that reasonable jurists would find this court's "assessment of the constitutional claims debatable or wrong;" or (2) that reasonable jurists would find "it debatable whether the petition states a valid claim of the denial of a constitutional right" and "debatable whether [this court] was correct in its procedural ruling." *Slack v. McDaniel,* 529 U.S. 473, 484 (2000). In support of this determination, the court accepts and incorporates by reference the magistrate judge's report filed in this case. In the event that Movant files a notice of appeal, he must pay the $505 appellate filing fee or submit a motion to proceed *in forma pauperis* on appeal.

**It is so ordered** this 27th day of June, 2023.

Sam A. Lindsay
United States District Judge

---

[*] Rule 11 of the Rules Governing §§ 2254 and 2255 Cases provides as follows:

**(a)** **Certificate of Appealability.** The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue. If the court issues a certificate, the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2). If the court denies a certificate, the parties may not appeal the denial but may seek a certificate from the court of appeals under Federal Rule of Appellate Procedure 22. A motion to reconsider a denial does not extend the time to appeal.

**(b)** **Time to Appeal.** Federal Rule of Appellate Procedure 4(a) governs the time to appeal an order entered under these rules. A timely notice of appeal must be filed even if the district court issues a certificate of appealability.